# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E. CLAIBORNE ROBINS COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICALS INTERNATIONAL GMBH, AND CEPHALON, INC.,<br><br>Defendants. | Civ. Action No. 3:18-cv-00827-MHL |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF E. CLAIBORNE ROBINS COMPANY, INC.'S FIFTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26, Defendants Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals International GmbH, and Cephalon, Inc. (collectively, "Defendants"), by their undersigned attorneys, hereby respond as follows to Plaintiff E. Claiborne Robins Company, Inc.'s ("Plaintiff" or "Robins") Fifth Requests for Production of Documents to Defendants, dated July 19, 2021 (the "Requests," and each, a "Request").

## PRELIMINARY STATEMENT

In asserting the following responses and objections to the Requests (the "Responses," and each, a "Response"), Defendants reserve their right to amend these Responses and assert additional objections as appropriate, as they complete their review and analysis in response to these Requests. Defendants' Responses are based upon the knowledge, information, and belief that they have acquired to the present date, and upon the present state of their preparation in connection with this

action. These Responses and any subsequent document production are, therefore, subject to change. All Requests are construed to seek only documents and things within Defendants' possession, custody, or control, not documents that are in the physical custody of another person or entity. Defendants do not concede that they have in their possession, custody, or control any documents responsive to a particular Request. Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. Defendants reserve all objections that may be available to them at any hearing or trial or on any motion as to the use or admissibility of any information provided. Defendants' decisions to provide information in response to the Requests do not constitute admissions by Defendants that such information is relevant to this action or admissible in evidence, nor do such decisions constitute an agreement that a request for similar information in this or any related proceedings will be treated in a similar manner. To the extent that any Request seeks confidential or proprietary information, Defendants will produce documents pursuant to the Confidentiality Order entered June 9, 2021 (ECF No. 102), the Order Regarding Protocol for Privileged Materials entered June 9, 2021 (ECF No. 103), and any other applicable orders entered by the Court in this action. Defendants reserve the right to seek additional protection for specific documents prior to production. The collection of documents potentially responsive to these Requests is ongoing, and Defendants are unable to determine at this time whether documents will be withheld on these Objections. Defendants will provide this information at the time they respond to these Requests or at the time they produce responsive documents and have determined whether materials are being withheld on the basis of these Responses.

# OBJECTIONS TO DEFINITIONS

1. Defendants object to the Definitions to the extent that they attempt to impose on Defendants burdens and obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia (the "Local Rules"), or any other applicable rule or law.

2. Defendants object to Definition No. 2 as overly broad, vague, and ambiguous, including to the extent that the term defined therein purports to include "any of" Defendants' "servants, representatives, assigns," "investigators, insurers, or anyone acting or purporting to act on behalf of it."

3. Defendants object to Definition No. 4 as vague, ambiguous, and overly broad, including to the extent that it purports to define "Teva CNS/Pain Products" without reference to any specific time period and in a manner that may be inconsistent with Defendants' use of the term.

4. Defendants object to Definition No. 5 as overly broad, vague, and ambiguous to the extent that the term "contract" is defined to include "commitments," "notes," and "undertakings or arrangements of any nature," "whether written or oral." Defendants will construe the term "contract" as it is defined under any applicable law.

5. Defendants object to Definition No. 7 as overly broad and to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure. Defendants will construe the terms "document" or "documents" to have their common English language meanings.

6. Defendants object to Definition No. 8 as overly broad and to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil

Procedure. Defendants will construe the terms "communication" or "communications" to mean recorded oral or written transmissions of information or data.

7. Defendants object to Definition No. 9 as overly broad and to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure. Defendants will construe the terms "person" or "persons" to have their common English language meanings.

8. Defendants object to Definition No. 10 as overly broad and to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure. Defendants will construe the terms "identify" or "identification" to require the disclosure of information to adequately describe the individual, document, or communication requested.

9. Defendants object to Definition No. 11 as overly broad and to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure. Defendants will construe the term "describe" to require Defendants to provide an explanation of the requested information that contains a reasonable amount of detail.

**OBJECTIONS TO INSTRUCTIONS**

1. Defendants object to the Instructions to the extent that they purport to impose any requirement or obligation not imposed by the Federal Rules of Civil Procedure, the Local Rules, an order of this Court, or any other relevant authority. Defendants will produce documents in accordance with their obligations under the Federal Rules of Civil Procedure, the Local Rules, or an order of this Court, and subject to the ESI protocol entered on June 9, 2021, as the Order Establishing Protocol on Electronically Stored Information (ECF No. 101) ("ESI Protocol") or in a manner that is standard in the industry.

2. Defendants object to Instruction No. 1 as overly broad, including to the extent that it purports to seek documents outside of the period of time relevant to the claims and/or defenses of any party. Defendants further object to this Instruction to the extent that it seeks documents created after the filing of the Complaint. Defendants will interpret the Requests as seeking documents from August 23, 2007, until December 14, 2018.

3. Defendants object to Instruction No. 2 as vague and ambiguous, including to the extent that it seeks "amendments" to the responsive documents, without sufficiently defining that term.

4. Defendants object to Instruction No. 5 as overly broad, including to the extent that it requests that documents be "organize[d] and label[ed]" to "correspond to the categories in this request for production." Defendants further object to this Instruction to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure. Defendants will produce documents subject to the ESI Protocol or in a manner that is standard in the industry.

5. Defendants object to Instruction No. 6 to the extent that it imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure. Defendants will produce a privilege log that complies with the terms of any order governing the production of documents and related claims of privilege that is entered by the Court.

6. Defendants object to Instruction No. 8 to the extent that it imposes burdens different than those imposed by Federal Rule of Civil Procedure 26(e). Defendants will supplement their responses in accordance with, and to the extent required by, Federal Rule of Civil Procedure 26(e).

7. Defendants object to Instruction No. 9 as overly broad, including to the extent that it purports to require Defendants to "provide the name and contact information of the custodian"

of documents not in Defendants' possession, custody, or control, and to the extent that it imposes burdens different than those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

8.Defendants object to Instruction No. 10 as overly broad, including to the extent that it purports to require Defendants to produce documents "regardless of the time or date prepared, authored, generated, revised, sent, received or used," many of which will have no relevance to the claims and/or defenses of any party. Defendants further object to the extent that the Instruction imposes burdens different than those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

9.Defendants object to Instruction No. 12 as overly broad to the extent that it purports to require "an explanation as to why full compliance is not possible" and imposes burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable authority.

## RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All reports regarding Defendants' sales force detailing activities, including without limitation messaging and detail position, for Teva CNS/Pain Products, from January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 1:**

Defendants object to Request No. 1 as overly broad and not proportional to the needs of the case, including, without limitation, to the extent that it purports to require the production of "[a]ll reports regarding Defendants' sales force detailing activities, including without limitation messaging and detail position, for Teva CNS/Pain Products" without regard to whether such documents relate to Amrix or the claims and/or defenses of any party in this litigation. Defendants

also object to this Request as vague and ambiguous, including because it seeks documents regarding "sales force detailing activities" without sufficiently defining that term.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents that are related to Amrix and located pursuant to the ESI Protocol. Defendants are otherwise withholding documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All sales operations analyses regarding Defendants' sales force detailing activities, including without limitation messaging and detail position, for Teva CNS/Pain Products, from January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 2:**

Defendants object to Request No. 2 as overly broad and not proportional to the needs of the case, including, without limitation, to the extent that it purports to require the production of "[a]ll sales operations analyses regarding Defendants' sales force detailing activities, including without limitation messaging and detail position, for Teva CNS/Pain Products" without regard to whether such documents relate to Amrix or the claims and/or defenses of any party in this litigation. Defendants also object to this Request as vague and ambiguous, including because it seeks documents regarding "sales force detailing activities" and "messaging and detail position" without sufficiently defining those terms. Defendants further object to this request to the extent that it is duplicative of Request No. 1 herein.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents that are related to Amrix and located pursuant to the ESI Protocol. Defendants are otherwise withholding documents that are responsive to this Request, to

the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All communications concerning the documents described in Request Nos. 1 and 2.

**RESPONSE TO REQUEST NO. 3:**

Defendants object to Request No. 3 as overly broad and not proportional to the needs of the case, including, without limitation, to the extent that it purports to require the production of "[a]ll communications concerning the documents described in Request Nos. 1 and 2" without regard to whether such documents relate to Amrix or the claims and/or defenses of any party in this litigation.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents that are related to Amrix and located pursuant to the ESI Protocol. Defendants are otherwise withholding documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All reports showing any Teva CNS/Pain Products sales force detailing metrics over time, from January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 4:**

Defendants object to Request No. 4 as overly broad and not proportional to the needs of the case, including, without limitation, to the extent that it purports to require the production of "[a]ll reports showing any Teva CNS/Pain Products sales force detailing metrics over time" without regard to whether such documents relate to Amrix or the claims and/or defenses of any party in this litigation. Defendants also object to this Request as vague and ambiguous, including

because it seeks documents regarding "sales force detailing metrics" without sufficiently defining that term. Defendants further object to this request to the extent that it is duplicative of Request Nos. 1 and 2 herein.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents that are related to Amrix and located pursuant to the ESI Protocol. Defendants are otherwise withholding documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All sales operations analyses showing any Teva CNS/Pain Products sales force detailing metrics over time, from January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 5:**

Defendants further object to Request No. 5 as overly broad and not proportional to the needs of the case, including, without limitation, to the extent that it purports to require the production of "[a]ll sales operations analyses showing any Teva CNS/Pain Products sales force detailing metrics over time" without regard to whether such documents relate to Amrix or the claims and/or defenses of any party in this litigation. Defendants also object to this Request as vague and ambiguous, including because it seeks documents regarding "sales force detailing metrics" without sufficiently defining that term. Defendants further object to this request to the extent that it is duplicative of Request Nos. 1, 2, and 4 herein.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents that are related to Amrix and located pursuant to the ESI Protocol. Defendants are otherwise withholding documents that are responsive to this Request, to

the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All communications concerning the documents described in Request Nos. 4 and 5.

**RESPONSE TO REQUEST NO. 6:**

Defendants object to Request No. 6 as overly broad and not proportional to the needs of the case, including, without limitation, to the extent that it purports to require the production of "[a]ll communications concerning the documents described in Request Nos. 4 and 5" without regard to whether such documents relate to Amrix or the claims and/or defenses of any party in this litigation. Defendants further object to this request to the extent that it is duplicative of Requests Nos. 1 and 2 herein.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents that are related to Amrix and located pursuant to the ESI Protocol. Defendants are otherwise withholding documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All document retention policies, or similar documents regarding the preservation or deletion of documents within Defendants' possession, custody, or control, applied during the time period of January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 7**:

Defendants object to this Request as overly broad and not proportional to the needs of the case to the extent that it purports to require production of "[a]ll document retention policies, or similar documents, regarding the preservation or deletion of documents within the Defendants' possession, custody, or control" without regard to whether such documents and communications

relate to Amrix or the claims and/or defenses of any party in this litigation.  Defendants also object to this Request to the extent that it seeks materials that are protected by the attorney-client or attorney work product privileges.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents sufficient to describe Defendants' document retention policies from January 2014 through December 14, 2018.  Defendants are otherwise withholding documents that are responsive to this Request, to the extent any exist, at this time.  Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, including without limitation organizational charts or diagrams, identifying any employee of any Defendant involved in the design or implementation of document retention policies, or similar documents regarding the preservation or deletion of documents within Defendants' possession, custody, or control, from the time period of January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 8:**

Defendants object to this Request as overly broad and not proportional to the needs of the case to the extent that it purports to require production of "[a]ll documents, including without limitation organizational charts or diagrams, identifying any employee of any Defendant involved in the design or implementation of document retention policies, or similar documents" without regard to whether such documents and communications relate to Amrix or the claims and/or defenses of any party in this litigation.  Defendants also object to this Request to the extent that it seeks materials that are protected by the attorney-client or attorney work product privileges.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents sufficient to describe Defendants' document retention policies from January 2014 through December 14, 2018.  Defendants are otherwise withholding

documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents identifying any document repository where, or in which, Defendants stored ESI responsive to Plaintiff's Response to Defendants' Search Protocol [ECF No. 87-4] or any of Plaintiff's Requests for Production of Documents to Defendants.

**RESPONSE TO REQUEST NO. 9:**

Defendants object to this Request to the extent it seeks "all documents identifying any document repository where, or in which, Defendants stored ESI responsive to Plaintiff's Response to Defendants' Search Protocol . . . or any of Plaintiff's Requests for Production of Documents to Defendants" without regard to whether such documents and communications relate to Amrix or the claims and/or defenses of any party in this litigation. Defendants further object to this Request to the extent that it seeks materials that are protected by the attorney-client or attorney work product privileges. Defendants further object to this Request to the extent that it is an interrogatory that is improperly framed as a request for documents.

Defendants are withholding all documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any listing of, or document identifying, software applications Defendants' employees used to store, access or send information related to Amrix during the time period January 2014 through December 2018.

**RESPONSE TO REQUEST NO. 10:**

Defendants object to this Request to the extent it seeks "[a]ny listing of, or document identifying, software applications Defendants' employees used to store, access or send information related to Amrix" many of which will have no relevance to the claims and/or defenses of any party.

Defendants further object to this Request to the extent that it is an interrogatory that is improperly framed as a request for documents.

Defendants are withholding all documents that are responsive to this Request, to the extent any exist, at this time. Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents on which you rely for your affirmative defenses in this action.

**RESPONSE TO REQUEST NO. 11:**

Defendants object to this Request to the extent that it seeks materials that are protected by the attorney-client or attorney work product privileges.

Subject to and without waiver of the foregoing objections, Defendants will produce responsive non-privileged documents located pursuant to the ESI Protocol. Defendants further state that they are not, at this time, withholding any responsive materials on the basis of any objections, except those asserting privilege or work product protection. If any materials are withheld from any subsequent or supplemental production on the basis of any other objections, Defendants will supplement this response at that time consistent with Fed. R. Civ. P. 34(b)(2)(C).

Dated: August 18, 2021

/s/ *Kyla A. Jackson*
Jay P. Lefkowitz (admitted *pro hac vice*)
Devora W. Allon (admitted *pro hac vice*)
Kyla A. Jackson (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800
F: (212) 446-4900

Hugh McCoy Fain, III (VSB No. 26494)
hfain@spottsfain.com
M.F. Connell Mullins, Jr. (VSB No. 47213)
cmullins@spottsfain.com
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
SPOTTS FAIN P.C.
411 East Franklin St., Suite 600
Richmond, VA 23219
T: (804) 697-2000
F: (804) 697-2100

*Attorneys for Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals International GmbH, and Cephalon, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August 2021, a copy of the foregoing was served by electronic mail upon Plaintiff's counsel of record.

/s/ *Kyla A. Jackson*
Kyla A. Jackson (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800
F: (212) 446-4900
